IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ERIC DEWAYNE CATHEY,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:15-CV-2883 |
| | § | |
| | § | *** DEATH PENALTY CASE *** |
| | § | |
| **BOBBY LUMPKIN**, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**OPPOSITION TO RESPONDENT LUMPKIN'S MOTION FOR A PROPOSED SCHEDULING ORDER AND PETITIONER CATHEY'S OPPOSED MOTION FOR SCHEDULING ORDER AND LEAVE TO AMEND PETITION**

Petitioner Eric Dewayne Cathey responds to the Opposed Motion for Proposed Scheduling Order, Dkt. 44. The Court's March 31, 2022 Order, Dkt. 43, required the parties to confer and submit a proposed scheduling order for this habeas proceeding. The parties conferred and have agreed on nearly all issues. First, the State has proposed a simultaneous briefing schedule, but Petitioner believes the normal briefing schedule should apply. Petitioner understands the State will likely move to dismiss, and Petitioner will respond accordingly. The parties' primary disagreement, however, regards whether Petitioner should have the opportunity to

1

amend his Petition prior to briefing issues related to the Court's gatekeeping role under the Anti-Terrorism and Effective Death Penalty Act (AEDPA).

Pursuant to the Court's May 18, 2017 Order, Dkt. 31, the parties must submit briefing on the issue of whether AEDPA conclusively authorizes district court review of Petitioner's successive petition. On July 28, 2017, the Court granted Petitioner's Opposed Motion for Stay and Abeyance in Light of *Moore* so Petitioner could exhaust his *Atkins* claim in state court in light of the United States Supreme Court's interceding decision in *Moore v. Texas*, 137 S. Ct. 1039 (2017). *See* Dkt. 40. Another evidentiary hearing was held in state court where the district judge ruled in Petitioner's favor. *Ex Parte Cathey*, No. 713189-B, Court's Findings of Fact and Conclusions of Law (176th Dist. Ct., Harris County, Tex. Jun. 15, 2020). Afterwards, the Court of Criminal Appeals declined to follow the ruling of the lower court and denied relief. *Ex Parte Cathey*, Writ. No. 55,161-02 (Tex. Crim. App. Apr. 28, 2021) (unpublished).

Accordingly, Petitioner believes it is in the interest of judicial efficiency to inform the Court of the related state court proceedings that occurred subsequent to the stay in this case before the parties brief issues related to the Court's gatekeeping function under AEDPA. An "[a]pplication for a writ of habeas corpus . . . may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see also,* Fed. R. Civ. P. 81(a)(2) (The civil rules "are

applicable to proceedings for ... habeas corpus"). Thus, federal habeas petitions may be amended "with 'leave of court' any time during a proceeding," and "once as a 'matter of course'" before a responsive pleading is served. *Mayle v. Felix,* 545 U.S. 644, 655 (2005) (citing Fed. R. Civ. Proc. 15(a); 15(c)(2)).

The State has not yet served a responsive pleading in this case; thus, Petitioner should be free to amend his petition without the State's consent "as a matter of course." *See* Fed. R. Civ. P. 15(a). In addition or in the alternative, Petitioner seeks the Court's leave to file an amended petition because "justice so requires." Fed. R. Civ. P. 15(a)(2). A petitioner should "specify all the grounds for relief available" and "state the facts supporting each ground" with particularity. *See* Habeas Rule 2(c). Thus, it is particularly important that Petitioner incorporate the facts and procedural history arising from the most recent state court proceedings that support his already pending *Atkins* claim before this Court.

Finally, in other federal habeas cases in which a stay was temporarily entered, at least two United States District Courts in Texas, including the Southern District, have granted leave to petitioners to amend their original petitions in conjunction with the reopening of the case. *See* Order, *Prible v. Thaler,* No. 4:09-cv-1896 (S.D. Tex. Jan. 3, 2012), ECF No. 32 (granting petitioner's motion for leave to amend), *and* Order, *Prible v. Thaler,* No. 4:09-cv-1896 (S.D. Tex. Feb. 7, 2012), ECF No. 34 (ordering petitioner to file the amended petition in 98 days) (Exhibit A); *see also*

Agreed Mot. to Lift Stay and Enter Agreed Briefing Schedule, *Ibarra v. Lumpkin,* No. 6:02-cv-00052-ADA (W.D. Tex. Oct. 16, 2008), ECF No. 97 (where agreed briefing schedule permitted petitioner to submit an amended petition in 81 days) (Exhibit B).

Accordingly, Petitioner proposes the following briefing schedule. Attached is a form of a proposed scheduling order. Other than the schedule for filing an Amended Petition, the State has indicated it has no issues with the remaining dates proposed below.

1. Petitioner will file an Amended Petition by July 29, 2022.
2. The State will file a motion related to the Court's gatekeeping role under AEDPA by November 21, 2022.
3. Petitioner will file a response to the State's motion by February 19, 2023.
4. State may file a reply to Petitioner's response by March 21, 2023.
5. Petitioner may file a sur-reply to the State's reply by April 20, 2023.

Dated: May 2, 2022

Respectfully submitted,

/s/ *Layne E. Kruse*
Layne E. Kruse
Texas Bar No. 11742550
Federal I.D. No. 2383
layne.kruse@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone: 713-651-5151
Facsimile: 713-651-5246
Attorney-in-charge for Petitioner ERIC DEWAYNE CATHEY

Of Counsel for Petitioner:
Peter B. Siegal
D.C. Bar No. 1023467
peter.siegal@nortonrosefulbright.com
Julie Goodrich Harrison
Texas Bar No. 24092434
julie.harrison@nortonrosefulbright.com
Patrick Doyle
Texas Bar No. 24116301
patrick.doyle@nortonrosefulbright.com
Taylor A. Shields
Texas Bar No. 24126440
taylor.shields@nortonrosefulbright.com
George Sosa
Texas Bar No. 24126208
george.sosa@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone: 713-651-5151
Facsimile: 713-651-5246

## CERTIFICATE OF CONFERENCE

This motion is filed pursuant to the Court's March 31, 2022 Order, Dkt. 43. Counsel for Petitioner conferred with opposing counsel regarding this motion, and the parties' primary disagreement regarding the scheduling order was the inclusion of a period for Petitioner to amend his Petition.

Certified this 2nd day of May, 2022.

> */s/ Layne E. Kruse*
> Layne E. Kruse

## CERTIFICATE OF SERVICE

I certify that on May 2, 2022 a copy of the foregoing motion was served via PACER/ECF upon opposing counsel identified below. Counsel consented in writing to electronic service.

> Eran S. Sharon
> Assistant Attorney General
> Criminal Appeals Division
> 300 West 15th Street, Suite 800
> Austin, Texas 78701
> eran.sharon@oag.texas.gov

> */s/ Layne E. Kruse*
> Layne E. Kruse