IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ERIC DEWAYNE CATHEY,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:15-CV-2883 |
| | § | |
| | § | *** DEATH PENALTY CASE *** |
| | § | |
| **BOBBY LUMPKIN**, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

---

**PETITIONER CATHEY'S REPLY TO RESPONDENT LUMPKIN'S
RESPONSE TO PETITIONER'S OPPOSED MOTION FOR SCHEDULING
ORDER AND LEAVE TO AMEND PETITION**

Petitioner Eric Dewayne Cathey replies to Respondent's Response to

Petitioner's Opposed Motion for Scheduling Order and Leave to Amend Petition,

Dkt. 46.  First, Petitioner respectfully concedes that the twenty-one day window to

amend his Petition as "a matter of course" under Federal Rule of Civil Procedure

15(a)(1) has elapsed and accordingly withdraws any related arguments.[1]

---

[1] Respondent states "Contrary to [Petitioner's] assertion, the Director has filed a response in this case.  *See* ECF No. 9."  While Petitioner disagrees that Respondent's Motion to Dismiss with Brief in Support, Dkt. 9, is a "responsive pleading," Petitioner nevertheless will agree that Respondent's Rule 12(b)(6) motion, filed over six years ago and before the case was reheard in state court, would cut off a right to amend that petition "as a matter of course" twenty-one days after the filing of that motion.  *See* Fed. R. Civ. P. 15(a)(1).

Nonetheless, Respondent fails to show how granting Petitioner leave to amend

his Petition under Federal Rule of Civil Procedure 15(a)(2), which was filed over six

years ago and before Petitioner was allowed to have his case reheard in state court,

would "disregard the explicit directives" of the Fifth Circuit.  Dkt. 1; Dkt. 46.  The

Fifth Circuit directed this Court to determine whether the Petition meets 28 U.S.C.

§ 2244(b)'s requirements for filing a successive habeas petition *prior to reaching*

*the merits* of his underlying *Atkins* claim.  *See In re Cathey*, 857 F.3d 221, 226 (5th

Cir. 2017) ("the district court must dismiss the motion that we have allowed the

applicant to file, without reaching the merits of the motion, if the court finds that the

movant has not satisfied the requirements for the filing of such a motion") (quoting

*Bennett v. U.S.*, 119 F.3d 468, 470 (7th Cir. 1997) (citations omitted)).[2]

Petitioner does not ask this Court to reach the merits of his *Atkins* claim before

resolving the question of whether he has satisfied the requirements of 28 U.S.C. §

2244(b).  Petitioner merely requests the opportunity to update the Court regarding

the state court proceedings occurring subsequent to the Court's stay of this case and

---

[2] Somewhat confusingly, the *Bennett* court explains what must be done by district courts prior to reaching the merits of a "motion."  However, the *Bennett* court was directing the district court to determine whether a "motion under 28 U.S.C. § 2255 for postconviction relief" met the requirements of 28 U.S.C. § 2244(b) for filing a successive habeas petition.  *See Bennett*, 119 F.3d at 469 ("we have thought it helpful to make clear that we will use the 'prima facie showing' standard of section 2244 to evaluate applications for permission to file second or successive motions under section 2255 as well, despite the different wording of that section.").  Thus, for purposes of applying the quote from *Bennett*, the Petition should be treated the same way as motions filed under 28 U.S.C. § 2255.

to ensure the Petition meets the heightened pleading requirements of Habeas Rule 2(c).  Thus, amendment under Rule 15 would not be "inconsistent with AEDPA" as Respondent suggests.  Dkt. 46.  The Court need only resolve the question whether "justice so requires" granting Petitioner leave to amend his almost seven-year-old Petition.  Fed. R. Civ. P. 15(a)(2).  If so, the Court should "freely give leave" to amend.  *Id.*

In summary, Petitioner asks this Court to grant Petitioner's Opposed Motion for Scheduling Order and Leave to Amend Petition, which would (1) comply with the Fifth Circuit's instructions, (2) allow Petitioner to satisfy the heightened pleading standard of Habeas Rule 2(c), and (3) give Petitioner the opportunity to apprise this Court of the events that occurred in state court while the proceedings in this Court were stayed and administratively closed.

Dated: May 16, 2022

Respectfully submitted,

/s/ *Layne E. Kruse*
Layne E. Kruse
Texas Bar No. 11742550
Federal I.D. No. 2383
layne.kruse@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone:  713-651-5151
Facsimile:   713-651-5246
Attorney-in-charge for Petitioner ERIC
DEWAYNE CATHEY

Of Counsel for Petitioner:
Peter B. Siegal
D.C. Bar No. 1023467
peter.siegal@nortonrosefulbright.com
Julie Goodrich Harrison
Texas Bar No. 24092434
julie.harrison@nortonrosefulbright.com
Patrick Doyle
Texas Bar No. 24116301
patrick.doyle@nortonrosefulbright.com
Taylor A. Shields
Texas Bar No. 24126440
taylor.shields@nortonrosefulbright.com
George Sosa
Texas Bar No. 24126208
george.sosa@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone:  713-651-5151
Facsimile:   713-651-5246

## **CERTIFICATE OF SERVICE**

I certify that on May 16, 2022 a copy of the foregoing motion was served via

PACER/ECF upon opposing counsel identified below.  Counsel consented in

writing to electronic service.

> Eran S. Sharon
> Assistant Attorney General
> Criminal Appeals Division
> 300 West 15th Street, Suite 800
> Austin, Texas 78701
> eran.sharon@oag.texas.gov

> */s/ Layne E. Kruse*
> Layne E. Kruse